

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICEMASTER BRANDS L.L.C. and MERRY MAIDS LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>MARIMAIDS and MARILENE DA SILVA,<br><br>Defendants. | CIVIL ACTION NO. _____<br><br>05 CV 11225 RWZ<br><br>MAGISTRATE JUDGE _____ |

## COMPLAINT

Plaintiffs, ServiceMaster Brands L.L.C. and Merry Maids Limited Partnership (collectively "Plaintiffs"), by and through their attorneys, allege the following for their Complaint against Marimaids and Marilene da Silva (collectively "Marimaids" or "Defendants") as follows:

### JURISDICTION AND VENUE

1. This is an action for trademark infringement arising under the trademark laws of the United States, 15 U.S.C. § 1114(1), and false and misleading advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391(b) and (c). This Court has personal jurisdiction over the defendants. The infringing services are advertised and rendered in Massachusetts.

## THE PARTIES

3. Plaintiff ServiceMaster Brands L.L.C. is a limited liability company organized under the laws of the state of Vermont having its principal place of business at 100 Bank Street, Burlington, Vermont 05401.

4. Plaintiff Merry Maids Limited Partnership is a limited partnership organized under laws of the state of Delaware having its principal place of business at 860 Ridge Lake Boulevard, Memphis, Tennessee, 38120.

5. Upon information and belief, defendant Marimaids is an unincorporated entity operating in the area of Boston, Massachusetts with a principal place of business at 259 North Beacon Street, Brighton, Massachusetts 02135-1943 and a post office box of P.O. Box 35368.

6. Upon information and belief, defendant Marilene da Silva is the proprietor of Marimaids with a principal business at 259 North Beacon Street, Brighton, Massachusetts 02135-1943 and a post office box of P.O. Box 35368.

7. Upon information and belief, defendants Marimaids and Marilene da Silva conduct business in the state of Massachusetts and engage in interstate commerce in this judicial district.

## BACKGROUND FACTS

8. Plaintiff ServiceMaster Brands L.L.C. owns the following Federal trademark registrations, and Plaintiff Merry Maids Limited Partnership is a licensee of the following Federal trademark registrations:

| MARK | REGISTRATION NO. | ISSUED |
|---|---|---|
| **MERRY MAIDS** | 1,343,329 | June 18, 1985 |
| **MERRY MAIDS & Design** | 1,343,330 | June 18, 1985 |
| **MERRY MAIDS** | 2,512,613 | November 27, 2001 |

2

Plaintiffs' Registration Nos. 1,343,329, 1,343,330, and 2,512,613 will collectively be referred to as Plaintiffs' marks or the MERRY MAID marks. Registration No. 1,343,329 identifies the services as "commercial and residential cleaning services." Said registration is valid and subsisting, has achieved incontestable status, and is conclusive evidence of Plaintiffs' exclusive right to use Plaintiffs' mark in commerce in connection with the services specified in said registration. A copy of the registration is attached hereto as Exhibit 1.

Registration No. 1,343,330 identifies the services as "commercial and residential cleaning services." Said registration of Plaintiffs' mark is valid and subsisting, has achieved incontestable status, and is conclusive evidence of Plaintiffs' exclusive right to use Plaintiffs' mark in commerce in connection with the services specified in said registration. A copy of the registration is attached hereto as Exhibit 2.

Registration No. 2,512,613 identifies the services as "franchising services, namely offering technical assistance in the establishment or operation or both of commercial and residential cleaning services." A copy of the registration is attached hereto as Exhibit 3. Said registration of Plaintiffs' mark is valid and subsisting and is prima facie evidence of Plaintiffs' exclusive right to use Plaintiffs' mark in commerce in connection with the services specified in said registration.

9. ServiceMaster Brands L.L.C., through its related company Merry Maids Limited Partnership, began using the MERRY MAIDS marks in connection with commercial and residential cleaning services as early as 1980, and began using the MERRY MAIDS marks in the Massachusetts area during the 1980s. Merry Maids is the largest home cleaning network in the world with more than 900 franchisees in the United States and Canada. The Merry Maids

network cleans more than 300,000 homes, apartments and condominiums each month in North America and, in total, employs more than 8,000 home cleaning professionals.

10. Defendants operate a residential and commercial cleaning service in Massachusetts.

11. Plaintiffs, upon learning of Defendants' operations, sent letters on July 1, 2004, September 21, 2004 and, through counsel on March 11, 2005, demanding that Defendants cease use of the phrase "Marimaids" in connection with its business.

12. The only communication received from Defendants was an email sent to one of Plaintiffs' franchisees in Boston on February 16, 2005 stating "the name of my company is Marimaids not Merry Maids . . . so I would like you to begin the case."

13. By this action, Plaintiffs seek judgment against Defendants for infringing Plaintiffs' MERRY MAIDS marks.

## COUNT I

### Federal Trademark Infringement

14. Plaintiffs reallege and incorporate by reference the allegations of the above Paragraphs 1-13.

15. The MERRY MAIDS marks have been, and are continuously being, used in extensive advertising and promotion of residential and commercial cleaning services throughout the United States. Plaintiffs and their franchisees have expended and continued to expend tens of millions of dollars annually to advertise, publicize and promote services under the MERRY MAIDS marks throughout the United States, including within Massachusetts.

16. Notwithstanding Plaintiffs' well-known and prior common law and statutory rights in the MERRY MAIDS marks, Defendants, with constructive notice of Plaintiffs' federally registered rights under 15 U.S.C. § 1072, with actual notice of Plaintiffs' established

4

rights since July 1, 2004, and long after Plaintiffs established its rights in the MERRY MAIDS marks, adopted and used the mark MARIMAIDS in Massachusetts in connection with residential and commercial cleaning services. Such use constitutes service mark infringement and causes likelihood of confusion, deception and mistake.

17. Defendants have advertised residential and commercial cleaning services under the MARIMAIDS mark at their website www.marimaids.com. Defendants have sold or offered for sale in Massachusetts residential and commercial cleaning services under the name and mark MARIMAIDS, thus creating a likelihood of confusion, deception and mistake with Plaintiffs' mark MERRY MAIDS. Defendants have repeatedly been requested to cease and desist from infringing Plaintiffs' name and mark MERRY MAIDS, but have ignored such requests.

18. Defendants' use in commerce of the MARIMAIDS mark in the marketing and rendering of residential and commercial cleaning services is a deliberate and willfull infringement of Plaintiffs' registered marks in violation of 15 U.S.C. § 1114(1).

19. Defendants' infringing actions have damaged Plaintiffs in an amount to be determined at trial.

20. Said acts of infringement will cause further irreparable injury to Plaintiffs if Defendants are not enjoined by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

## COUNT II

### False Designation of Origin and Unfair Competition

21. Plaintiffs repeat and reallege Paragraphs 1 through 20 above as if fully set forth at length.

22. Plaintiffs' service mark and name MERRY MAIDS has become uniquely associated with, and hence identifies, Plaintiffs. Defendants' use of the MARIMAIDS mark in

commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods or services by Plaintiffs, in violation of 15 U.S.C. § 1125(a).

23. Defendants' actions have damaged Plaintiffs in an amount to be determined at trial.

24. Said acts will cause further irreparable injury to Plaintiffs if Defendants are not enjoined by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

## COUNT III

### Trademark Dilution and Injury to Property Rights

25. Plaintiffs repeat and reallege Paragraphs 1 through 24 above as if fully set forth at length.

26. Defendants' foregoing actions in connection with its use of MARIMAIDS has caused likelihood of injury to Plaintiffs' business reputation under Mass. Gen. Laws c. 110B § 12.

27. Defendants foregoing actions in connection with its use of MARIMAIDS has caused dilution of the distinctive quality of Plaintiffs Marks under Mass. Gen. Laws c. 110B § 12.

28. Said acts will cause further irreparable injury to Plaintiffs if Defendants are not enjoined by this Court from further violation of Plaintiffs' rights.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request:

1. That Defendants, their officers, agents, servants, employees, and attorneys and all those persons in active concert or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

    a. Using the trade name and mark MARIMAIDS or any confusingly similar designation alone or in combination with other words, or a trademark, domain name, trade name component or otherwise, to market, advertise or identify Defendants' residential and commercial cleaning services;

    b. Otherwise infringing Plaintiffs' marks;

    c. Unfairly competing with Plaintiffs in any manner whatsoever; and

    d. Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiffs' symbols, labels or forms of advertisement.

2. That Defendants be directed to file with this Court and serve on Plaintiffs within thirty days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

3. That Defendants be required to deliver up and destroy all devices, literature, advertising website and other material bearing the infringing designation.

4. That Plaintiffs be awarded its actual damages, any additional profits realized by Defendants', and the costs of this action pursuant to 15 U.S.C. § 1117(a).

5. Enter judgment that Defendants' trademark infringement and false advertising have been knowing and willful and award Plaintiffs their attorney fees and costs in prosecuting this action, pursuant to 15 U.S.C. § 1117.

6. Award Plaintiffs treble damages pursuant to 15 U.S.C. § 1117.

7. That Plaintiffs have such other and further relief as the Court may deem just.

Respectfully submitted,

SERVICEMASTER BRANDS L.L.C. AND
MERRY MAIDS LIMITED PARTNERSHIP

By their attorneys,

_____
Leonard H. Freiman (BBO #560233)
Jennifer Belli (BBO #660278)
GOULSTON & STORRS, P.C.
A Professional Corporation
400 Atlantic Avenue
Boston, Massachusetts  02110-3333
(617) 482-1776 (Telephone)
(617) 574-7579 (Facsimile)
lfreiman@goulstonstorrs.com


Of Counsel:

P. Jay Hines
William C. Bergmann
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1500 (Telephone)
(202) 861-1783 (Facsimile)
jhines@bakerlaw.com
wbergmann@bakerlaw.com

Dated:  June 10, 2005

GSDOCS\1498433.1 6/10/2005 12:54 PM

Int. Cl.: 37

Prior U.S. Cl.: 103

Reg. No. 1,343,329

United States Patent and Trademark Office   Registered June 18, 1985

## SERVICE MARK
### PRINCIPAL REGISTER

## MERRY MAIDS

MERRY MAIDS, INC. (NEBRASKA CORPORATION)
3737 DODGE STREET
OMAHA, NE 68131

FOR: COMMERCIAL AND RESIDENTIAL CLEANING SERVICES, IN CLASS 37 (U.S. CL. 103).

FIRST USE 1-0-1980; IN COMMERCE 1-0-1980.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MAIDS", APART FROM THE MARK AS SHOWN.

SER. NO. 510,391, FILED 11-26-1984.

NANCY O. HEBERT, EXAMINING ATTORNEY

Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**  Reg. No. 1,343,330
Registered June 18, 1985

## SERVICE MARK
### PRINCIPAL REGISTER



MERRY MAIDS, INC. (NEBRASKA CORPORATION)
3737 DODGE STREET
OMAHA, NE 68131

FOR: COMMERCIAL AND RESIDENTIAL CLEANING SERVICES, IN CLASS 37 (U.S. CL. 103).

FIRST USE 1-0-1980; IN COMMERCE 1-0-1980.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MAIDS, INC.", APART FROM THE MARK AS SHOWN.

SER. NO. 510,478, FILED 11-26-1984.

NANCY O. HEBERT, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,512,613

**United States Patent and Trademark Office**  Registered Nov. 27, 2001

## SERVICE MARK
## PRINCIPAL REGISTER

## MERRY MAIDS

SERVICEMASTER COMPANY, THE (DELAWARE CORPORATION)
ONE SERVICEMASTER WAY
DOWNERS GROVE, IL 60515

FOR: FRANCHISING SERVICES, NAMELY OFFERING TECHNICAL ASSISTANCE IN THE ESTABLISHMENT OR OPERATION OR BOTH OF COMMERCIAL AND RESIDENTIAL CLEANING SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-15-1980; IN COMMERCE 4-15-1980.

OWNER OF U.S. REG. NOS. 1,343,329 AND 1,343,330.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MAIDS", APART FROM THE MARK AS SHOWN.

SER. NO. 76-223,241, FILED 3-12-2001.

KHANH LE, EXAMINING ATTORNEY

# 05-11225 RWZ

JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
SERVICEMASTER BRANDS L.L.C. and
MERRY MAIDS LIMITED PARTNERSHIP

**DEFENDANTS**
MARIMAIDS and MARILENE DA SILVA

(b) County of Residence of First Listed Plaintiff: Crittenden VT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 617-482-1776
Leonard H. Freiman (BBO#560233)
Goulston & Storrs PC 400 Atlantic Ave. Boston, MA 02110

Attorneys (If Known)

### II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

### IV. NATURE OF SUIT
[X] 840 Trademark

### V. ORIGIN
[X] 1 Original Proceeding

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: 15 U.S.C. Section 1114 (1), 15 U.S.C. Section 1125(a)
Brief description of cause: This action is based on Defendants' infringement upon Pltfs' trademark rights.

### VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] No

### VIII. RELATED CASE(S) IF ANY

DATE: 6/10/05
SIGNATURE OF ATTORNEY OF RECORD: Leonard H. Freiman

FOR OFFICE USE ONLY

05 11225 RWZ

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __SERVICEMASTER BRANDS L.L.C. v. MARIMAIDS__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __LEONARD H. FREIMAN__
ADDRESS __GOULSTON & STORRS, PC, 400 ATLANTIC AVENUE, BOSTON, MA 02110__
TELEPHONE NO. __617-482-1776__

(CategoryForm.wpd - 5/2/05)