UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICEMASTER BRANDS L.L.C. and<br>MERRY MAIDS LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>MARIMAIDS and MARILENE DA SILVA,<br><br>Defendants. | Civil Case No. <u>05 cv 11225 RWZ</u> |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiffs, ServiceMaster Brands L.L.C. and Merry Maids Limited Partnership (collectively, "Plaintiffs"), in accordance with FRCP 55(b), hereby move the Court to enter default judgment in favor of Plaintiffs in this trademark infringement action. Plaintiffs also move that the Court enter an Order permanently enjoining Marimaids and Marilene da Silva ("Defendants") from infringing Plaintiffs' marks, unfairly competing with Plaintiffs, and further injuring Plaintiffs. Plaintiffs are willing to forego their damages claims in this matter so that judgment may be entered expeditiously and without a hearing. Defendants have not appeared in this action. Accordingly, Plaintiffs have not conferred with Defendants pursuant to Local Rule 7.1(2) because a default has already been entered against them.

## MEMORANDUM IN SUPPORT OF MOTION

On June 10, 2005, Plaintiffs filed their Complaint in the above captioned matter. (Complaint, attached as Exhibit A). The Complaint alleges trademark infringement, *inter alia*, and seeks an injunction preventing Defendants from infringing Plaintiffs' trademarks and related damages. Defendants failed to respond to the Complaint, and Plaintiffs moved for entry of

default on August 12, 2005. The Court issued a Notice of Default on August 17, 2005. (Exhibit B). Defendants still have not responded to Plaintiffs' Complaint. Therefore, entry of default judgment is proper under Fed. R. Civ. P. 55(b).

## I. THE ALLEGATIONS AS PLEADED MUST BE ACCEPTED AS TRUE

In entering default judgment, each of the allegations as pleaded in the Complaint should be accepted as true. "There is no question that, default having been entered, each of plaintiff's allegations of fact must be taken as true and each of its claims must be considered established as a matter of law." *In re The Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir.2002) (citation and internal punctuation omitted). "A hearing may be required, however, to set damages when the amount is in dispute or is not ascertainable from the pleadings." *Id. See also, e.g., KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir.2003) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is susceptible of mathematical computation.") (citation and internal punctuation omitted); *Women to Women, Inc., v. Woman to Woman Co.*, 2003 WL 1741110 (D.Me. 2003) (district court accepted allegations in Complaint as true after default entered, and entered permanent injunction against defendant in trademark infringement action).

It is not necessary for a trademark holder to prove actual harm as a prerequisite for injunctive relief in a trademark infringement action. Irreparable harm flows from an unlawful infringement as a matter of law. *Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc.*, 982 F.2d 633, 640 (1st Cir.1992) ("By its very nature, trademark infringement results in irreparable harm because the attendant loss of profits, goodwill, and reputation cannot be satisfactorily quantified and, thus, the trademark owner cannot adequately be compensated. Hence, irreparable harm flows from an unlawful trademark infringement as a matter of law."); *Nexxus*

*Products Co. v. CVS New York, Inc.*, 188 F.R.D. 11, 15 (D.Mass 1999) ("If Plaintiffs are successful in establishing that Defendants have infringed their valid mark, Plaintiffs need not establish irreparable harm for purposes of obtaining injunctive relief").

## II. THE ALLEGATIONS CONTAINED IN THE COMPLAINT

1. <u>Background</u>

Plaintiffs Complaint alleged the following, *inter alia.*

Plaintiff ServiceMaster Brands L.L.C. owns the following Federal trademark registrations, and Plaintiff Merry Maids Limited Partnership is a licensee of the following Federal trademark registrations:

| **MARK** | **REGISTRATION NO.** | **ISSUED** |
| --- | --- | --- |
| **MERRY MAIDS** | 1,343,329 | June 18, 1985 |
| **MERRY MAIDS & Pail Design** | 1,343,330 | June 18, 1985 |
| **MERRY MAIDS** | 2,512,613 | November 27, 2001 |

Complaint, ¶ 8.

Registration No. 1,343,329 identifies the services as "commercial and residential cleaning services." Registration No. 1,343,330 identifies the services as "commercial and residential cleaning services." Both registrations are valid and subsisting, have achieved incontestable status, and are conclusive evidence of Plaintiffs' exclusive right to use Plaintiffs' mark in commerce in connection with the services specified in said registration. (Complaint, ¶ 8).

Registration No. 2,512,613 identifies the services as "franchising services, namely offering technical assistance in the establishment or operation or both of commercial and residential cleaning services." Said registration of Plaintiffs' mark is valid and subsisting and is

prima facie evidence of Plaintiffs' exclusive right to use Plaintiffs' mark in commerce in connection with the services specified in said registration. (Complaint, ¶ 8). Plaintiffs' Registration Nos. 1,343,329, 1,343,330, and 2,512,613 will collectively be referred to as Plaintiffs' marks or the MERRY MAIDS marks. (Complaint, ¶8).

2. <u>Federal Trademark Infringement Under 15 U.S.C. § 1114(1)</u>

In support of its federal trademark infringement claim under 15 U.S.C. § 1114(1), Plaintiffs plead the following: Defendants, with constructive notice of Plaintiffs' federally registered rights under 15 U.S.C. § 1072, with actual notice of Plaintiffs' established rights since July 1, 2004, and long after Plaintiffs established its rights in the MERRY MAIDS marks, adopted and used the mark MARIMAIDS in Massachusetts in connection with residential and commercial cleaning services. Such use constitutes service mark infringement and causes likelihood of confusion, deception and mistake. (Complaint, ¶16).

Defendants have advertised residential and commercial cleaning services under the MARIMAIDS mark at their website www.marimaids.com. Defendants have sold or offered for sale in Massachusetts residential and commercial cleaning services under the name and mark MARIMAIDS, thus creating a likelihood of confusion, deception and mistake with Plaintiffs' mark MERRY MAIDS. Defendants have repeatedly been requested to cease and desist from infringing Plaintiffs' name and mark MERRY MAIDS, but have ignored such requests. (Complaint, ¶17).

Defendants' use in commerce of the MARIMAIDS mark in the marketing and rendering of residential and commercial cleaning services is a deliberate and willful infringement of Plaintiffs' registered marks in violation of 15 U.S.C. § 1114(1). (Complaint, ¶18).

Said acts of infringement will cause further irreparable injury to Plaintiffs if Defendants are not enjoined by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law. (Complaint, ¶20).

3.  False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a)

In support of its false designation of origin and unfair competition claim under 15 U.S.C. § 1125(a), Plaintiffs plead the following:

Plaintiffs' service mark and name MERRY MAIDS has become uniquely associated with, and hence identifies, Plaintiffs. Defendants' use of the MARIMAIDS mark in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods or services by Plaintiffs, in violation of 15 U.S.C. § 1125(a). (Complaint, ¶22).

Said acts will cause further irreparable injury to Plaintiffs if Defendants are not enjoined by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law. (Complaint, ¶24).

4.  Trademark Dilution and Injury to
    Property Rights under Mass. Gen. Laws c. 110B § 12

In support of its trademark dilution and injury to property rights claim under Mass. Gen. Laws c. 110B § 12, Plaintiff's plead as follows:

Defendants' foregoing actions in connection with its use of MARIMAIDS has caused likelihood of injury to Plaintiffs' business reputation under Mass. Gen. Laws c. 110B § 12. (Complaint, ¶26). Defendants foregoing actions in connection with its use of MARIMAIDS has caused dilution of the distinctive quality of Plaintiffs Marks under Mass. Gen. Laws c. 110B §

12. (Complaint, ¶27). Said acts will cause further irreparable injury to Plaintiffs if Defendants are not enjoined by this Court from further violation of Plaintiffs' rights. (Complaint ¶28).

### III. PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF

The allegations pleaded in the Complaint, which must be accepted as true, amply support the entry of an injunction against the Defendants. In view of this, Plaintiffs request that the Court award them the following relief, as prayed for in their Complaint, by entering an order that:

1. Permanently enjoins Defendants, their officers, agents, servants, employees, and attorneys and all those persons in active concert or participation with them from:

    a. Using the trade name and mark MERRY MAIDS and MERRY MAIDS & pail design, or any confusingly similar designation alone or in combination with other words, or a trademark, domain name, trade name component or otherwise, to market, advertise or identify Defendants' residential and commercial cleaning services, or franchising services, including, but not limited to, use of the phrases "Marimaids," "marimaids" or "marimaids.com" to market, advertise or identify Defendants' residential and commercial cleaning services, including use of the mark in a domain name;

    b. Otherwise infringing Plaintiffs' marks;

    c. Unfairly competing with Plaintiffs in any manner whatsoever; and

    d. Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiffs' symbols, labels or forms of advertisement.

2. Requires Defendants to forfeit all rights to the www.marimaids.com domain name and any other domain name identical or similar to the MERRY MAIDS mark and to transfer all rights in www.marimaids.com to Plaintiffs.

3.      Requires that all pamphlets, brochures, promotional items, advertising materials, signs, stationery, business cards, contracts, documents and the like in the possession or under the control of Defendants, and all plates, molds, matrices and other means of making the same, which might, if used, violate this Judgment, be delivered up to plaintiffs for destruction within thirty (30) days after service on defendant of this Judgment.

4.      Requires Defendants to file with this Court and serve on counsel for Plaintiffs within thirty (30) days after service on Defendants of this Judgment, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with this Judgment.

5.      Requires that this Court retain jurisdiction over the parties hereto for the purpose of any proceedings to enforce this Judgment and the aforesaid injunction.

6.      Awards Plaintiffs the costs of this action pursuant to 15 U.S.C. § 1117(a).

Respectfully submitted,

**SERVICEMASTER BRANDS L.L.C. AND MERRY MAIDS LIMITED PARTNERSHIP**

By their attorneys,

Dated:  September 23, 2005          By:   /s/ Jennifer Belli
                                          Leonard H. Freiman (BBO #560233)
                                          Jennifer Belli (BBO #660278)
                                          **GOULSTON & STORRS, P.C.**
                                          400 Atlantic Avenue
                                          Boston, Massachusetts 02110-3333
                                          (617) 482-1776 (Telephone)
                                          (617) 574-7579 (Facsimile)
                                          lfreiman@goulstonstorrs.com

Of Counsel:

P. Jay Hines
William C. Bergmann
**BAKER & HOSTETLER LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1500 (Telephone)
(202) 861-1783 (Facsimile)
jhines@bakerlaw.com
wbergmann@bakerlaw.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2005, I served by U.S. Mail, first class, postage prepaid, a copy of the within Motion for Entry of Default Judgment to:

Marimaids
259 North Beacon Street
Brighton, MA 02135-1943

Marilene Da Silva
259 North Beacon Street
Brighton, MA 02135-1943


/s/ Jennifer Belli
Jennifer Belli

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SERVICEMASTER BRANDS L.L.C. and MERRY )
MAIDS LIMITED PARTNERSHIP, )
)
Plaintiffs, )
)
v. )  CIVIL ACTION NO. _____
)
MARIMAIDS and MARILENE DA SILVA, )
)
Defendants. )

05cv11225 RWZ

## COMPLAINT

Plaintiffs, ServiceMaster Brands L.L.C. and Merry Maids Limited Partnership (collectively "Plaintiffs"), by and through their attorneys, allege the following for their Complaint against Marimaids and Marilene da Silva (collectively "Marimaids" or "Defendants") as follows:

### JURISDICTION AND VENUE

1. This is an action for trademark infringement arising under the trademark laws of the United States, 15 U.S.C. § 1114(1), and false and misleading advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391(b) and (c). This Court has personal jurisdiction over the defendants. The infringing services are advertised and rendered in Massachusetts.

## THE PARTIES

3.  Plaintiff ServiceMaster Brands L.L.C. is a limited liability company organized under the laws of the state of Vermont having its principal place of business at 100 Bank Street, Burlington, Vermont 05401.

4.  Plaintiff Merry Maids Limited Partnership is a limited partnership organized under laws of the state of Delaware having its principal place of business at 860 Ridge Lake Boulevard, Memphis, Tennessee, 38120.

5.  Upon information and belief, defendant Marimaids is an unincorporated entity operating in the area of Boston, Massachusetts with a principal place of business at 259 North Beacon Street, Brighton, Massachusetts 02135-1943 and a post office box of P.O. Box 35368.

6.  Upon information and belief, defendant Marilene da Silva is the proprietor of Marimaids with a principal business at 259 North Beacon Street, Brighton, Massachusetts 02135-1943 and a post office box of P.O. Box 35368.

7.  Upon information and belief, defendants Marimaids and Marilene da Silva conduct business in the state of Massachusetts and engage in interstate commerce in this judicial district.

## BACKGROUND FACTS

8.  Plaintiff ServiceMaster Brands L.L.C. owns the following Federal trademark registrations, and Plaintiff Merry Maids Limited Partnership is a licensee of the following Federal trademark registrations:

| MARK | REGISTRATION NO. | ISSUED |
| --- | --- | --- |
| **MERRY MAIDS** | 1,343,329 | June 18, 1985 |
| **MERRY MAIDS & Design** | 1,343,330 | June 18, 1985 |
| **MERRY MAIDS** | 2,512,613 | November 27, 2001 |

Plaintiffs' Registration Nos. 1,343,329, 1,343,330, and 2,512,613 will collectively be referred to as Plaintiffs' marks or the MERRY MAID marks. Registration No. 1,343,329 identifies the services as "commercial and residential cleaning services." Said registration is valid and subsisting, has achieved incontestable status, and is conclusive evidence of Plaintiffs' exclusive right to use Plaintiffs' mark in commerce in connection with the services specified in said registration. A copy of the registration is attached hereto as Exhibit 1.

Registration No. 1,343,330 identifies the services as "commercial and residential cleaning services." Said registration of Plaintiffs' mark is valid and subsisting, has achieved incontestable status, and is conclusive evidence of Plaintiffs' exclusive right to use Plaintiffs' mark in commerce in connection with the services specified in said registration. A copy of the registration is attached hereto as Exhibit 2.

Registration No. 2,512,613 identifies the services as "franchising services, namely offering technical assistance in the establishment or operation or both of commercial and residential cleaning services." A copy of the registration is attached hereto as Exhibit 3. Said registration of Plaintiffs' mark is valid and subsisting and is prima facie evidence of Plaintiffs' exclusive right to use Plaintiffs' mark in commerce in connection with the services specified in said registration.

9. ServiceMaster Brands L.L.C., through its related company Merry Maids Limited Partnership, began using the MERRY MAIDS marks in connection with commercial and residential cleaning services as early as 1980, and began using the MERRY MAIDS marks in the Massachusetts area during the 1980s. Merry Maids is the largest home cleaning network in the world with more than 900 franchisees in the United States and Canada. The Merry Maids

network cleans more than 300,000 homes, apartments and condominiums each month in North America and, in total, employs more than 8,000 home cleaning professionals.

10. Defendants operate a residential and commercial cleaning service in Massachusetts.

11. Plaintiffs, upon learning of Defendants' operations, sent letters on July 1, 2004, September 21, 2004 and, through counsel on March 11, 2005, demanding that Defendants cease use of the phrase "Marimaids" in connection with its business.

12. The only communication received from Defendants was an email sent to one of Plaintiffs' franchisees in Boston on February 16, 2005 stating "the name of my company is Marimaids not Merry Maids . . . so I would like you to begin the case."

13. By this action, Plaintiffs seek judgment against Defendants for infringing Plaintiffs' MERRY MAIDS marks.

## COUNT I

### Federal Trademark Infringement

14. Plaintiffs reallege and incorporate by reference the allegations of the above Paragraphs 1-13.

15. The MERRY MAIDS marks have been, and are continuously being, used in extensive advertising and promotion of residential and commercial cleaning services throughout the United States. Plaintiffs and their franchisees have expended and continued to expend tens of millions of dollars annually to advertise, publicize and promote services under the MERRY MAIDS marks throughout the United States, including within Massachusetts.

16. Notwithstanding Plaintiffs' well-known and prior common law and statutory rights in the MERRY MAIDS marks, Defendants, with constructive notice of Plaintiffs' federally registered rights under 15 U.S.C. § 1072, with actual notice of Plaintiffs' established

rights since July 1, 2004, and long after Plaintiffs established its rights in the MERRY MAIDS marks, adopted and used the mark MARIMAIDS in Massachusetts in connection with residential and commercial cleaning services. Such use constitutes service mark infringement and causes likelihood of confusion, deception and mistake.

17. Defendants have advertised residential and commercial cleaning services under the MARIMAIDS mark at their website www.marimaids.com. Defendants have sold or offered for sale in Massachusetts residential and commercial cleaning services under the name and mark MARIMAIDS, thus creating a likelihood of confusion, deception and mistake with Plaintiffs' mark MERRY MAIDS. Defendants have repeatedly been requested to cease and desist from infringing Plaintiffs' name and mark MERRY MAIDS, but have ignored such requests.

18. Defendants' use in commerce of the MARIMAIDS mark in the marketing and rendering of residential and commercial cleaning services is a deliberate and willfull infringement of Plaintiffs' registered marks in violation of 15 U.S.C. § 1114(1).

19. Defendants' infringing actions have damaged Plaintiffs in an amount to be determined at trial.

20. Said acts of infringement will cause further irreparable injury to Plaintiffs if Defendants are not enjoined by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

## COUNT II

### False Designation of Origin and Unfair Competition

21. Plaintiffs repeat and reallege Paragraphs 1 through 20 above as if fully set forth at length.

22. Plaintiffs' service mark and name MERRY MAIDS has become uniquely associated with, and hence identifies, Plaintiffs. Defendants' use of the MARIMAIDS mark in

commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods or services by Plaintiffs, in violation of 15 U.S.C. § 1125(a).

23. Defendants' actions have damaged Plaintiffs in an amount to be determined at trial.

24. Said acts will cause further irreparable injury to Plaintiffs if Defendants are not enjoined by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

## COUNT III

### Trademark Dilution and Injury to Property Rights

25. Plaintiffs repeat and reallege Paragraphs 1 through 24 above as if fully set forth at length.

26. Defendants' foregoing actions in connection with its use of MARIMAIDS has caused likelihood of injury to Plaintiffs' business reputation under Mass. Gen. Laws c. 110B § 12.

27. Defendants foregoing actions in connection with its use of MARIMAIDS has caused dilution of the distinctive quality of Plaintiffs Marks under Mass. Gen. Laws c. 110B § 12.

28. Said acts will cause further irreparable injury to Plaintiffs if Defendants are not enjoined by this Court from further violation of Plaintiffs' rights.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request:

1. That Defendants, their officers, agents, servants, employees, and attorneys and all those persons in active concert or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

   a. Using the trade name and mark MARIMAIDS or any confusingly similar designation alone or in combination with other words, or a trademark, domain name, trade name component or otherwise, to market, advertise or identify Defendants' residential and commercial cleaning services;

   b. Otherwise infringing Plaintiffs' marks;

   c. Unfairly competing with Plaintiffs in any manner whatsoever; and

   d. Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiffs' symbols, labels or forms of advertisement.

2. That Defendants be directed to file with this Court and serve on Plaintiffs within thirty days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

3. That Defendants be required to deliver up and destroy all devices, literature, advertising website and other material bearing the infringing designation.

4. That Plaintiffs be awarded its actual damages, any additional profits realized by Defendants', and the costs of this action pursuant to 15 U.S.C. § 1117(a).

5. Enter judgment that Defendants' trademark infringement and false advertising have been knowing and willful and award Plaintiffs their attorney fees and costs in prosecuting this action, pursuant to 15 U.S.C. § 1117.

6. Award Plaintiffs treble damages pursuant to 15 U.S.C. § 1117.

7. That Plaintiffs have such other and further relief as the Court may deem just.

Respectfully submitted,

SERVICEMASTER BRANDS L.L.C. AND
MERRY MAIDS LIMITED PARTNERSHIP

By their attorneys,

_____
Leonard H. Freiman (BBO #560233)
Jennifer Belli (BBO #660278)
GOULSTON & STORRS, P.C.
A Professional Corporation
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
(617) 482-1776 (Telephone)
(617) 574-7579 (Facsimile)
lfreiman@goulstonstorrs.com

Of Counsel:

P. Jay Hines
William C. Bergmann
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1500 (Telephone)
(202) 861-1783 (Facsimile)
jhines@bakerlaw.com
wbergmann@bakerlaw.com

Dated: June 10, 2005

GSDOCS\1498433.1 6/10/2005 12:54 PM

Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**   Reg. No. 1,343,329
Registered June 18, 1985

## SERVICE MARK
PRINCIPAL REGISTER

### MERRY MAIDS

MERRY MAIDS, INC. (NEBRASKA CORPORATION)
3737 DODGE STREET
OMAHA, NE 68131

FOR: COMMERCIAL AND RESIDENTIAL CLEANING SERVICES, IN CLASS 37 (U.S. CL. 103).

FIRST USE 1-0-1980; IN COMMERCE 1-0-1980.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MAIDS", APART FROM THE MARK AS SHOWN.

SER. NO. 510,391, FILED 11-26-1984.

NANCY O. HEBERT, EXAMINING ATTORNEY

Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**  Reg. No. 1,343,330
Registered June 18, 1985

## SERVICE MARK
## PRINCIPAL REGISTER



MERRY MAIDS, INC. (NEBRASKA CORPORATION)
3737 DODGE STREET
OMAHA, NE 68131

FOR: COMMERCIAL AND RESIDENTIAL CLEANING SERVICES, IN CLASS 37 (U.S. CL. 103).

FIRST USE 1-0-1980; IN COMMERCE 1-0-1980.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MAIDS, INC.", APART FROM THE MARK AS SHOWN.

SER. NO. 510,478, FILED 11-26-1984.

NANCY O. HEBERT, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,512,613
Registered Nov. 27, 2001

## SERVICE MARK
## PRINCIPAL REGISTER

### MERRY MAIDS

SERVICEMASTER COMPANY, THE (DELAWARE CORPORATION)
ONE SERVICEMASTER WAY
DOWNERS GROVE, IL 60515

FOR: FRANCHISING SERVICES, NAMELY OFFERING TECHNICAL ASSISTANCE IN THE ESTABLISHMENT OR OPERATION OR BOTH OF COMMERCIAL AND RESIDENTIAL CLEANING SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-15-1980; IN COMMERCE 4-15-1980.

OWNER OF U.S. REG. NOS. 1,343,329 AND 1,343,330.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MAIDS", APART FROM THE MARK AS SHOWN.

SER. NO. 76-223,241, FILED 3-12-2001.

KHANH LE, EXAMINING ATTORNEY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Servicemaster Brands LLC and
Maids Limited Partnership
_____
                **Plaintiff**

CIVIL ACTION

NO. __05-cv-11225-RWZ__

V.

**Marimaids and Marilene Da Silva**
_____
                **Defendant**

### NOTICE OF DEFAULT

    Upon application of the Plaintiff, __Servicemaster Brands LLC and Merry Maids Limited Partnership__ for an order of Default for failure of the Defendant, __Marimaids and Marilene Da Silva_____, to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure, notice is hereby given that the Defendant has been defaulted this __17th__ day of __August__.

                                                    SARAH A. THORNTON
                                                    CLERK OF COURT

                                    By: __JAY JOHNSON__

                                           Deputy Clerk

**Notice mailed to:PARTIES**