UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SERVICEMASTER BRANDS L.L.C. and MERRY MAIDS LIMITED PARTNERSHIP, <br><br> Plaintiffs, <br><br> v. <br><br> MARIMAIDS and MARILENE DA SILVA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Case No. <u>1:05 cv 11225 RWZ</u>

## MEMORANDUM IN SUPPORT OF MOTION FOR ENFORCEMENT OF JUDGMENT AND FOR CIVIL CONTEMPT

In support of the Motion for Enforcement of Judgment and for Civil Contempt, Plaintiffs allege as follows:

On December 8, 2005, the Court issued a final order. (See Paragraph 1, Affidavit of P. Jay Hines in Support of Motion, attached hereto).

The Order required, *inter alia*, that Defendants be enjoined and restrained from:

    a.    Using the trade name and mark MERRY MAIDS and MERRY MAIDS with pail design (the "MERRY MAIDS marks"), or any confusingly similar designation alone or in combination with other words, or a trademark, domain name, tradename component or otherwise, to market, advertise or identify Defendant's residential and commercial cleaning services, or franchising services, including, but not limited to, use of the phrases "Marimaids," "MariMaids" or marimaids.com" to market, advertise or identify Defendants' commercial and residential cleaning services, including use of the mark in a domain name;

    b.    Otherwise infringing Plaintiffs' marks;

    c.    Unfairly competing with Plaintiffs in any manner whatsoever; and

    d.    Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiffs' symbols, labels or forms of advertisement.

In addition, under the terms of the order, Defendants were ordered to forfeit all rights to the www.marimaids.com domain name and any other domain name identical or similar to the MERRY MAIDS marks and to transfer all rights in www.marimaids.com to Plaintiffs.  (See Exhibit A of Affidavit of P. Jay Hines in Support of Motion, attached hereto).

The Order also provided that Defendants shall destroy or deliver up to Plaintiffs for destruction all pamphlets, brochures, promotional items, advertising materials, signs, stationery, business cards, contracts, documents and the like in possession or under the control of Defendants, within thirty (30) days after service on Defendants of the Judgment.  (See Exhibit A to Affidavit of P. Jay Hines in Support of Motion, attached hereto).

Finally, the Order provided that Defendants shall file with this Court and serve on counsel for Plaintiffs within thirty (30) days after service on Defendants of the Final Judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the Final Judgment.  (See Exhibit A to Affidavit of P. Jay Hines in Support of Motion, attached hereto).

Plaintiffs, on or about December 30, 2005, sent Defendants via U.S. certified mail a copy of the final order at 259 North Beacon Street, Brighton, Massachusetts 02135-1943. (See Paragraph 2 and Exhibit B, Affidavit of P. Jay Hines in Support of Motion, attached hereto). [1]

---

[1] Because Defendants have not appeared in this case, Plaintiffs cannot be certain of Defendants' proper addresses.  Plaintiffs' research indicated that both Defendants had an address at 259 North Beacon Street, Brighton, Massachusetts (the "Brighton address").  However, Plaintiffs were unable to serve the Complaint on Defendants at the Brighton address, and the Complaint was ultimately served upon them at a different address.  Plaintiffs mailed a copy of the final order in this case, together with a cover letter, to the Brighton address by certified mail.  The letter and final order were not returned to Plaintiffs, and Plaintiffs presume that Defendants received them.  Plaintiffs have engaged in extensive efforts to contact Defendants regarding this case and will send the Motion for Enforcement of Judgment and for Civil Contempt, this Memorandum and accompanying papers to both the Brighton address and the address at which the Complaint was served.

-3-

Notwithstanding the clear and unambiguous terms of the Order, Defendants have refused to comply with it.  Specifically, Defendants did not forfeit ownership rights in the www.marimaids.com domain name.  Plaintiffs, on their own initiative, forwarded a copy of the Final Judgment and Injunction to the registrar, Godaddy.com, requesting that ownership of the subject domain name be transferred to Plaintiffs.  Ownership of the subject domain name was subsequently transferred by the registrar to Plaintiffs.  (See Paragraph 3, Affidavit of P. Jay Hines in Support of Motion, attached hereto).

Defendants, upon learning of the transfer of ownership of www.marimaids.com to Plaintiffs, and in clear violation of the Court's injunction, proceeded to register the domain name www.marrimaids.com on February 23, 2006.  (See Paragraph 4, Affidavit of P. Jay Hines in Support of Motion, attached hereto).  Upon learning of said registration, Plaintiffs again forwarded a copy of the Final Judgment and Injunction to the registrar, Godaddy.com, requesting that ownership of the subject domain name be transferred to Plaintiff.  (See Paragraph 5, Affidavit of P. Jay Hines in Support of Motion, attached hereto).     In response to Plaintiffs' request, the registrar promptly transferred ownership of www.marrimaids.com to Plaintiffs.  Defendant has also maintained the website www.webspawner.com/users/marimaidscom/index.html in violation of the injunction.  (See Paragraph 6, Affidavit of P. Jay Hines in Support of Motion, attached hereto).

In addition, Defendants have failed to comply with the Order by destroying or delivering up any of the information required by paragraph 3, relating to all pamphlets, brochures and other promotional items.

Finally, the Defendants have failed to file with this Court and serve on counsel for Plaintiffs, a report in writing under oath, setting forth the manner and form in which Defendants have complied with the Final Judgment, as is required by the Order.

## ARGUMENT

"Federal courts have the inherent power to impose submission to their lawful mandates and to achieve the orderly disposition of cases." Securities and Exchange Comm'n v. Pinez, 52 F. Supp. 2d 205, 209 (D. Mass. 1999), citing Chambers v. Nasco, Inc., 501 U.S. 32, 43-44 (1991). This inherent power includes the power to find a defendant in civil contempt of the court's orders and to require compliance through any equitable remedy the Court believes will accomplish that result. John T. v. Delaware Co. Intermediate Unit, 318 F.3d 545, 554 (3d Cir. 2003) ("District courts hearing civil contempt proceedings are afforded broad discretion to fashion a sanction that will achieve full remedial relief."), citing McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 192, (1949). As is shown in the attached Exhibit F, Defendants offer residential and commercial cleaning services in connection with their new "marrimaids" mark. There can be no doubt that this mark is confusingly similar to Plaintiffs' "Merry Maids" mark and that Defendants intentionally chose this mark in order to continue to reap the benefit of the good will associated with Plaintiffs' mark.

In the present case, the Final Judgment and Injunction entered by the Court on December 8, 2005 was clear and unambiguous. There is no dispute that Defendants have failed to comply with the order. Defendants have engaged in conduct in direct violation of the Court's order, including, but not limited to, registering a domain name confusingly similar to Plaintiffs' mark as well as continuing to provide residential and commercial cleaning services using the MARIMAIDS mark, or confusingly similar variations thereof.

In view of Defendants' actions set forth above, Plaintiffs request that the Court find Defendants in civil contempt, fine Defendants $10,000.00, require Defendants to pay Plaintiffs' costs associated with bringing this motion, including attorneys' fees, and order the Defendants to immediately produce a report, in writing under oath, setting forth in detail the manner and form in which Defendants have complied with this Final Judgment.

For the above-stated reasons, Plaintiffs respectfully request that the Court grant this motion.

                              Respectfully submitted,
**SERVICEMASTER BRANDS L.L.C.**
  **AND MERRY MAIDS LIMITED PARTNERSHIP**

By their attorneys,

Dated:  October 30, 2006         By:  /s/ Jennifer Belli
Leonard H. Freiman (BBO #560233)
Jennifer Belli (BBO #660278)
**GOULSTON & STORRS, P.C.**
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
(617) 482-1776 (Telephone)
(617) 574-7579 (Facsimile)
lfreiman@goulstonstorrs.com
jbelli@goulstonstorrs.com

Of Counsel:

P. Jay Hines
William C. Bergmann
**BAKER & HOSTETLER LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1500 (Telephone)
(202) 861-1783 (Facsimile)
jhines@bakerlaw.com
wbergmann@bakerlaw.com

Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of October, 2006, I sent a copy of the within Memorandum by certified mail, return receipt requested, to:

Marimaids
259 North Beacon Street
Brighton, MA  02135-1943

Marimaids
75 Gilman Street, Apt. 2
Somerville, MA 02145-9323

Marilene Da Silva
259 North Beacon Street
Brighton, MA  02135-1943

Marilene Da Silva
75 Gilman Street, Apt. 2
Somerville, MA 02145-9323


/s/ Jennifer Belli                                   
Jennifer Belli